UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAVELY MATHURIN,

        Plaintiff,

v.                  3:20-CV-0515
                    (GLS/ML)
BROOME COUNTY; and JOHN
DOE,

        Defendants.
_____

APPEARANCES:              OF COUNSEL:

RAVELY MATHURIN
 Plaintiff, *Pro Se*
416 Oak Hill Avenue, Apt. 1F
Endicott, New York 13760

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

### **I. INTRODUCTION**

The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an amended application to proceed *in forma pauperis* (Dkt. No. 7) filed by Ravely Mathurin ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's amended *in forma pauperis* application (Dkt. No. 7), and recommend that Plaintiff's Complaint be accepted in part for filing and dismissed in part without prejudice and with leave to amend.

## II.   BACKGROUND

Construed as liberally[1] as possible, the Complaint alleges that on or about May 31, 2019, Plaintiff's civil rights were violated by Defendant John Doe,[2] who was an employee of Defendant Broome County (collectively "Defendants"). (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that on May 31, 2019, he was arraigned on criminal charges, pleaded not guilty, and was released on his own recognizance. (*Id.*) Plaintiff alleges that he attempted to leave the court but was detained by Defendant Doe, without lawful justification, and was placed in a locked cell. (*Id.*) Plaintiff alleges that "[a]fter several minutes approximately two men in plain clothes . . . arrived in front of [his] cell and John Doe opened the cell and released [him] into their hands." (*Id.*) Plaintiff alleges that the two individuals in plain clothes were DHS/ICE officials, who Defendant Doe "must have called . . . to come arrest" Plaintiff. (*Id.*) Plaintiff alleges that he was "detained under the custody of DHS/ICE from [May 31, 2019,] until" the date of his Complaint. (*Id.*)

---

[1]   The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]   Plaintiff is advised that service of process cannot be effected on a "John Doe" defendant. In the event Plaintiff wishes to pursue his claims against a "Doe" defendant, Plaintiff shall take reasonable steps to ascertain his identity. Plaintiff may seek to determine the identity of the "Doe" defendant through discovery. When Plaintiff determines the identity of "John Doe" defendant, Plaintiff may seek to amend his pleading to add the properly named Defendant pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is further advised that if an unnamed individual is not timely served, the action may be dismissed against that individual. *See Cassidy v. Madoff*, 18-CV-0394, 2020 WL 554529, at *4 n.7 (N.D.N.Y. Feb. 4, 2020) (Sannes, J.) (advising the plaintiff that (1) service cannot be effected on a "Doe" defendant, (2) he may determine the identity of "Doe" defendants through discovery, and (3) if the "Doe" defendants are not timely served, the action may be dismissed against them).

Based upon the foregoing allegations, the Complaint asserts the following three claims: (1) a claim of false arrest in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a claim of negligence pursuant to New York common law; and (3) a claim of false arrest pursuant to New York common law.  (*See generally* Dkt. No. 1.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an amended application for leave to proceed *in forma pauperis*.  (Dkt. No. 7.)

### III. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[3]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 7), the Court finds that Plaintiff meets this standard.[4]  Therefore, Plaintiff's amended application to proceed *in forma pauperis* is granted.[5]

---

[3] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4] It is unclear to the Court how Plaintiff survives with no income and no monthly expenses. (*Compare* Dkt. No. 7 at ¶¶ 3-5, *with* Dkt. No. 7 at ¶¶ 6-7.)  However, based on Plaintiff's sworn declaration, he certainly qualifies for *in forma pauperis* status.

[5] Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**IV.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  The Court notes that Plaintiff's false arrest claims are alleged pursuant to the Fourteenth Amendment and New York State law.  (Dkt. No. 1 at 5-6.)  However, construing Plaintiff's pleadings liberally, as the Court must, I will consider other legal bases for Plaintiff's claims.

Having reviewed Plaintiff's Complaint, I recommend that (1) Plaintiff's claims of (a) false arrest pursuant to the Fourth Amendment[6] and New York law, and (b) negligence pursuant to New York common law, be accepted for filing, and (2) to the extent that Plaintiff's Complaint is construed as having asserted a claim that his due process rights pursuant to the Fourteenth Amendment were violated, that the Court dismiss those claims without prejudice and with leave to amend.

### A.     False Arrest Pursuant to the Fourth Amendment and New York Law

"A section 1983 claim for false arrest requires the same elements as a claim for false arrest under New York law." *Lewis v. City of New York*, 18 F. Supp. 3d 229, 235 (E.D.N.Y. 2014) (citing *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996)).  "Under New York law, the elements of a false arrest and false imprisonment claim are: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d

---

[6]     An arrestee's § 1983 claims premised on alleged false arrest or false imprisonment are governed by the Fourth Amendment, rather than substantive due process principles under the Fourteenth Amendment. *Jackson ex rel. Jackson v. Suffolk Cnty.*, 87 F. Supp. 3d 386, 399 (E.D.N.Y. 2015).  As a result, I considered Plaintiff's false arrest claims pursuant to the Fourth Amendment.

6

118, 126 (2d Cir. 2016) (per curiam).  "For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause."  *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (N.Y. 2016); *accord Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996).

Out of an abundance of caution, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 191, a response is required to Plaintiff's false arrest claims.  *See Alcocer v. Mills*, 800 F. App'x 860, 865 (11th Cir. 2020) (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012)) (denying summary judgment based on the doctrine of qualified immunity because "Supreme Court precedent . . . prohibits keeping a detainee in custody for a new purpose after initial entitlement to release, without new probable cause justifying the new seizure under the Fourth Amendment" and noting that "'[a]s a general rule, it is not a crime for a removable alien to remain present in the United States.  If the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent.'"); *Reyes-Herrera v. Flaitz*, 19-CV-6257, 2020 WL 871264, at *5-6 (W.D.N.Y. Feb. 20, 2020) (denying a motion to dismiss because Plaintiff's false arrest claim did not require that he plead that his criminal conviction was invalid pursuant to *Heck v. Humphrey*, and holding that the defendants were not entitled to qualified immunity at this stage of the litigation).

### B.  Due Process Claim Pursuant to the Fourteenth Amendment

Under the Fourteenth Amendment due process clause, "an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment."  *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993).  "Due process requires, as a general matter, an opportunity to be heard at a meaningful time and in a meaningful way."

*Calhoun*, 999 F.2d at 653. "Federal courts examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Francis v. Fiacco*, 942 F.3d 126, 141 (2d Cir. 2019) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). "Under the latter scenario, a deprivation effectuated through the random and unauthorized acts of government officials does not violate procedural due process so long as the government provides a meaningful remedy subsequent to deprivation." *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001). However, "[w]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880 (citing *Hudson v. Palmer*, 468 U.S. 531, 532 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)).

Based on the allegations contained in the Complaint, Plaintiff had a liberty interest in being released at the conclusion of his court appearance where he was released him on his own recognizance. (Dkt. No. 1 at 5, 10-11, 15-16); *see, e.g., Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause . . . ."); *see also Calhoun*, 999 F.2d at 653 ("[A]n inmate has a liberty interest in being released upon the expiration of his . . . term of imprisonment.").

Plaintiff's Complaint is devoid of factual allegations plausibly suggesting that the alleged constitutional violation was a result of inadequate procedures. To the extent that Plaintiff's Fourteenth Amendment Due Process claim is based on Defendant Doe's alleged "random, unauthorized" acts, I recommend that claim be dismissed.

It is well established that the availability of Article 78 proceedings or state habeas proceedings provide meaningful post-deprivation remedies sufficient to defeat a due process claim. *See, e.g.*, *Hayes v. Annucci*, 14-CV-8845, 2016 WL 1746109, at *4 (S.D.N.Y. Apr. 29, 2016) ("The Second Circuit has held that the availability of an Article 78 proceeding constitutes a meaningful post-deprivation remedy."); *Schultz v. Egan*, 103 F. App'x 437, 441 (2d Cir. 2004) (noting that when "random and unauthorized" acts led to an inmate being detained beyond his maximum release date, "the availability of an Article 78 proceeding or a habeas proceeding would almost certainly suffice to satisfy the due process clause."); *Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 166 (S.D.N.Y. 2007) ("Plaintiff could have initiated either an Article 78 proceeding or a state habeas proceeding to adjudicate his claim regarding his release date."). As such, Plaintiff has not established that there was no meaningful post-deprivation remedy and his due process claim should be dismissed. *See Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 882 ("[T]here is no constitutional violation . . . when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").

### C.     Negligence Pursuant to New York Law

"In order to prevail on a negligence claim, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (N.Y. 2016) (quoting *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (N.Y. 1985)).

Out of an abundance of caution, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 191, a response is required to Plaintiff's negligence claims.

## VI.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

In this case, I am unable to conclude with complete certainty that if permitted leave to amend his complaint, Plaintiff could not assert a plausible due process claim pursuant to the

---

[7]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Fourteenth Amendment and 42 U.S.C. § 1983.  Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended IFP application (Dkt. No. 7) **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing with respect to Plaintiff's claims of (1) false arrest pursuant to the Fourth Amendment and New York law, and (2) negligence pursuant to New York law; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Fourteenth Amendment due process claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[8]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

Dated: June 25, 2020
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[8]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[9]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).