**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RAVELY MATHURIN,**

                                                     **3:20-cv-515**
                                                     **(GLS/ML)**

                        **v.**

**BROOME COUNTY et al.,**

                        **Defendant.**

_____

## SUMMARY ORDER

Plaintiff pro se Ravely Mathurin commenced this action against defendants Broome County and John Doe,[1] alleging false arrest under the Fourth Amendment and New York law, and negligence pursuant to New York law.  (Compl., Dkt. No. 1.)  Now pending is Broome County's motion for summary judgment.  (Dkt. No. 34.)  For the reasons that follow, Broome County's motion is granted.

---

[1]  Mathurin cannot maintain a suit against John Doe because Mathurin has not identified him.  While courts are hesitant to dismiss claims against Doe defendants "until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials," *Kearse v. Lincoln*, No. 07 Civ 4730, 2009 WL 1706554, at *2 (S.D.N.Y. Jun. 17, 2009) (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998), here, discovery is complete and Mathurin, despite having the opportunity to conduct discovery, has failed to identify John Doe.  Accordingly, Mathurin's claims against the unidentified John Doe must be dismissed.

In May 2019, Mathurin was arrested by an Endicott Police Officer for disorderly conduct and resisting arrest.  (Def.'s Statement of Material Facts (SMF) ¶ 14, Dkt. No. 34, Attach 3.)[2]  Mathurin was thereafter transported to the Broome County Correctional Facility to be arraigned on these charges. (*Id.*)  At the Facility Mathurin was "booked," fingerprinted, "and placed into a holding cell."  (*Id*. ¶ 15.)  When Mathurin was booked into the Facility, an Edicott Police Officer provided the Facility with the police report listing the charges for which Mathurin was arrested, and an "Immigration Detainer and Warrant for Arrest of Alien issued by the U.S. Immigration and Customs Enforcement" (ICE).  (*Id.* ¶ 16.)  Mathurin was arraigned a few hours later and released on his own recognizance.  (*Id.* ¶¶ 20-21.)  Upon his release, Mathurin was instructed to wait in a cell at the Facility.  (*Id.* ¶ 22.)  Mathurin remained in the cell for fifteen minutes until ICE officers arrived and took custody of him pursuant to the Immigration Detainer and Warrant for Alien Arrest.  (*Id.* ¶ 23.)  Mathurin thereafter commenced this suit, alleging false arrest and negligence for "restrain[ing]" and "lockin[ing]"

---

[2]  Because Mathurin has not responded to Broome County's motion and has made no attempt to controvert Broome County's statement of material facts, Broome County's statement of material facts is deemed admitted insofar as the facts asserted are properly supported.

2

him in the cell, "without . . . lawful justification" after he was released on his own recognizance and before ICE arrived to take custody of him.  (Compl. at 5.)

The standard of review under Fed. R. Civ. P. 56 is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).  As relevant here, where "a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess[es] facial merit, which has appropriately been characterized as a 'modest' burden." *Rehkugler v. Aetna Life Ins. Co.*, No. 516-CV-0024, 2017 WL 3016835, at *13 (N.D.N.Y. July 14, 2017) (citations omitted).

Broome County argues, among other things, that it is entitled to summary judgment on Mathurin's state law claims for false arrest and negligence because Mathurin failed to serve a notice of claim on Broome County.  (Dkt. No. 34, Attach. 4 at 3.)  Additionally, Broome County asserts that summary judgment is warranted with respect to Mathurin's Fourth Amendment false arrest claim pursuant to 42 U.S.C. § 1983 because

Mathurin has not put forward evidence of a policy, practice, or custom by Broome County that resulted in Mathurin's alleged constitutional deprivation.  (*Id.* at 9-11.)

New York General Municipal Law § 50-e(1)(a) requires a party seeking to sue a county, to "serve a notice of claim on the [county] within ninety days after the claim arises."  *See Newcomb v. Middle Country Cent. Sch. Dist.*, 28 N.Y.3d 455, 460, 460 n. 2 (N.Y. 2016) (internal quotation marks and citation omitted).  While courts have discretion to entertain a motion to serve a late notice of claim, *see id*., Mathurin has not provided any evidence that he served a notice of claim on Broome County, nor has he moved to serve a late notice of claim.  Accordingly, Broome County's motion for summary judgment is granted as to Mathurin's state law claims for false arrest and negligence because Broome County's argument with respect to this claim has facial merit.

A municipality may be liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see Dixon v. City of Syracuse*, 493 F. Supp. 3d. 30, 36

4

(N.D.N.Y. 2020) ("[T]he constitutional violation underpinning a § 1983 claim against a municipality must result from a governmental policy, custom or practice.")  To establish a municipal policy, practice, or custom, a plaintiff must provide evidence of (1) a formal policy endorsed by the municipality; (2) actions taken or decisions made by the municipality's policymakers, which caused the alleged civil rights violation; (3) a practice so widespread that it constitutes "a custom or usage"; or (4) a failure by the municipality's policymakers to properly train or supervise their subordinates.  *Green v. City of New York*, 465 F.3d 65, 80-82 (2d Cir. 2006) (citations omitted).  Mathurin has not provided evidence to establish that the alleged violation was committed pursuant to a policy, practice, or custom by any of the necessary means.  Accordingly, Broome County is entitled to summary judgment because its argument with respect to Mathurin's Fourth Amendment false arrest claim has facial merit.

Accordingly, it is hereby

**ORDERED** that Broome County's motion for summary judgment (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is

further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

September 29, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

6